UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JESUS DUGARTE BRICENO,

Petitioner,

Case No. 1:26-cv-2463

v.

Honorable Paul L. Maloney

KEVIN RAYCRAFT,

Respondent.
______________________________/

**OPINION**

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action while detained by ICE by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.14.)

In an order entered on September 1, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondent filed his response on September 4, 2026. (Resp., ECF No. 6.) Petitioner filed his reply on September 8, 2026. (ECF No. 8).

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2019 and has remained in the United States since that time. (Pet., ECF No. 1, PageID.4; Resp., ECF No. 6, PageID.185.) On June 23, 2020, an Immigration Judge with the Tucson Immigration Court ordered Petitioner removed to Venezuela. (Immigration Judge Order, ECF No. 6-3, PageID.203.) Because Petitioner waived his right to appeal the removal order to the Board of Immigration Appeals (BIA), the removal order became administratively final the same day.[1]

On August 6, 2026, ICE agents encountered and arrested Petitioner. (2026 I-213, ECF No. 6-8, PageID.229.) After the parties' initial briefing in the case concluded on September 8, 2026, Petitioner was removed from the United States to Venezuela. (*See* Mot., ECF No. 11, PageID.272.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the BIA affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asked the Court to order Respondent to release Petitioner from custody or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.14.) After initiating this action, Petitioner was removed from the United States to Venezuela and is no longer in Respondent's custody. (Mot., ECF No. 11, PageID.272.)

Because the relief sought in Petitioner's § 2241 petition related to his detention, and he is no longer detained by Respondent, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[2]

[2] The resolution of this case, as set forth in this opinion, moots Petitioner's pending motions (ECF Nos. 5, 10, and 11) in this case.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 1, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge